KIM GILBERT EBRON
7625 DEAN MARTIN DRIVE, SUITE 110
LAS VEGAS, NEVADA 89139
(702) 485-3300 FAX (702) 485-3301

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| BANK OF AMERICA, N.A., SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING, LP, FKA COUNTRYWIDE HOME LOANS SERVICING, LP,<br><br>Plaintiff,<br>vs.<br><br>LAKE MEAD COURT HOMEOWNERS ASSOCIATION; SFR INVESTMENTS POOL 1, LLC; ALESSI & KOENIG, LLC,<br><br>Defendants.<br><br>SFR INVESTMENTS POOL 1, LLC, a Nevada limited liability company,<br><br>    Counter/Cross Claimant,<br>vs.<br><br>BANK OF AMERICA, N.A., SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING, LP; and CARLOS NEVAREZ, an individual,<br><br>    Counter-Defendant/Cross-Defendant. | Case No. 2:16-cv-00504-GMN-NJK<br><br>**JUDGMENT BY DEFAULT AGAINST CARLOS NEVAREZ** |

This matter came before the Court on SFR Investments Pool 1, LLC's ("SFR") application for default judgment against Cross-Defendants CARLOS NEVAREZ ("Nevarez" or "Cross-Defendant). Having considered the application, including the declarations attached thereto, the Court makes the following findings of fact and conclusions of law:

1. On May 14, 2016, SFR filed a Cross-Claim (ECF No. 32) for quiet title and declaratory relief against Nevarez ("Cross-Claim") relating to real property located at 2092 Scanlon Ferry, Unit 103, Las Vegas, NV 89156; Parcel No. 140-22-618-081 ("Property").

2. Cross-Defendant failed to answer the complaint within the 21-day time limit set forth in FRCP 12. The Clerk of the Court appropriately entered a default against Nevarez on May 30, 2018, (ECF No. 86).

**KIM GILBERT EBRON**
7625 DEAN MARTIN DRIVE, SUITE 110
LAS VEGAS, NEVADA 89139
(702) 485-3300 FAX (702) 485-3301

3. Cross-Defendant is not incompetent, an infant or serving in the United States military.

4. SFR submitted credible evidence in support of its application in the form of documents obtained from the Official Records of the Clark County Recorder and declarations made under penalty of perjury that demonstrate prima facie grounds sufficient to enter default judgment against Nevarez.

5. Specifically, SFR's superior interest in the Property relative to any interest claimed by Nevarez is evident by the recorded notice of delinquent assessment lien, notice of default, notice of sale, and the foreclosure deed. (*See* Statutory Notices, Exs. D, E, F to Pl.'s MSJ, ECF Nos. 83-4, 83-5, 83-6); (*see also* Trustee's Deed Upon Sale, Ex. H to Pl.'s MSJ, 83-8). Because the Court held that the foreclosure sale remains intact—including SFR's purchase of the Property—and in light of SFR's evidence of its superior interest, SFR's claims against Borrower are meritorious.

**NOW, THEREFORE**, pursuant to FRCP 55(b)(2), having considered the evidence and made the foregoing findings of fact and conclusions of law, and finding good cause,

**IT IS HEREBY ORDERED** that Cross-Defendant Nevarez, any successors and assigns, have no right, title or interest in the Property.

**IT IS FURTHER ORDERED** that this judgment does not adjudicate SFR's claims against, or the defenses of, any other party to this case.

**IT IS FURTHER ORDERED** that, in light of the parties' representations that SFR's claims against Nevarez are the only remaining claims in this case, (ECF No. 109), the clerk of court is instructed to close this case.

**IT IS SO ORDERED.**

**DATED** this __14__ day of February, 2019.

_____
Gloria M. Navarro, Chief Judge
UNITED STATES DISTRICT COURT